# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>           Plaintiff,<br><br>v.<br><br>SCOTTSBLUFF PUBLIC SCHOOLS<br>DISTRICT NO. 32,<br><br>SCOTT'S BLUFF COUNTRY CLUB, and<br><br>MICHAEL KLEIN,<br><br>           Defendants. | Case No. 7:17-cv-5010<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jane Doe, for her Complaint against Defendants the Scottsbluff Public Schools District No. 32 (the "School District"), the Scott's Bluff Country Club (the "Country Club"), and Michael Klein, states and alleges as follows:

### Nature of the Case

1. Beginning when she was 14 years old, Jane Doe endured repeated acts of sexual abuse, molestation, and harassment by her high school golf coach, Michael Klein. He continued to sexually abuse her until she was 17, and harassed her for several years thereafter. The abuse was made possible by Klein's title and stature within the Scottsbluff High School, his position as a Golf Pro at the Country Club, and the failure of those institutions to act on their knowledge of the sexually abusive relationship to protect Jane Doe against Klein.

2.     On November 17, 2017, Klein pled guilty to first-degree sexual assault[1] against both Jane Doe and another minor child who golfed at the Scottsbluff High School after Jane Doe. Klein was sentenced to 24 to 32 years in prison.

3.     Defendants' conduct has caused considerable harm to Jane Doe and her family. In this lawsuit, Jane Doe asserts claims against the School District for: (1) deliberate indifference of the sexual abuse in violation of Title IX, 20 U.S.C. § 1681; and (2) deprivation of civil rights under 42 U.S.C. § 1983. Jane Doe further asserts claims against Klein for: (3) sexual battery; (4) sexual assault; and (5) intentional infliction of emotional distress. Lastly, Jane Doe asserts claims against the Country Club for: (6) negligence.

**Parties**

4.     Plaintiff Jane Doe is a female Nebraska resident.

5.     Defendant Scottsbluff Public Schools, District No. 32, is a Nebraska Public School District and political subdivision with its principal place of business at 1722 1st Avenue, Scottsbluff, Nebraska, 69361-1609. On information and belief, Scottsbluff Public Schools was receiving federal funding as contemplated by Title IX, 20 U.S.C. § 1681 *et seq.*, at all material times.

6.     Defendant Scott's Bluff Country Club is a Nebraska non-profit corporation with its principal place of business at 5014 Avenue I, Scottsbluff, Nebraska, 69361.

---

[1] Under Nebraska law, a person commits criminal first-degree assault if he "intentionally or knowingly causes serious bodily injury to another person." Neb. Rev. Stat. § 28-308. The civil equivalent to criminal first-degree assault is battery. *Newman v. Christensen*, 31 N.W.2d 417, 418 (1948). Civil assault involves no physical contact; it is instead a "wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt." *Bergman by Harre v. Anderson*, 411 N.W.3d 336, 339 (1987). Thus, sexual contact with a minor is civil battery; threats or offers to do the same with present apparent ability to carry out the threat or offer is civil assault. All occurrences of "battery" hereafter in this civil complaint refer to offensive, unconsented physical contact; all occurrences of assault hereafter refer to offers or attempts at such contact.

7. Defendant Michael Klein is a male Nebraska resident who was born in 1956.

### Jurisdiction and Venue

8. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367 because Jane Doe asserts claims under 20 U.S.C. § 1681 and 42 U.S.C. § 1983, and all of her state law claims arise out of a common nucleus of operative fact as her federal claims.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred within this district.

### Facts Common to All Counts

10. Scottsbluff Senior High School is part of Scottsbluff Public Schools, District No. 32.

11. The School District hired Klein—a native of Scottsbluff, Nebraska, and a former PGA tour professional golfer—as a coach for the girls' golf team in approximately 2003.

12. Klein enjoyed high esteem within the Scottsbluff High School and community. He had a winning record as a coach, leading the Scottsbluff High School girls' golf team to win a Nebraska state championship in 2006 and every year from 2008 to 2010. On information and belief, Klein coached more than 20 high school golfers who went on to earn college golf scholarships.

13. Jane Doe attended Scottsbluff High School from fall 2007 until spring 2011. She joined the Scottsbluff High School golf team in fall 2007, her freshman year, with the goal to earn a college golf scholarship.

**I.  The Manipulation, Control, and Sexual Abuse by Klein as her Coach**

14. Jane Doe first met Klein in summer 2007, shortly before she began high school. Klein began coaching Jane Doe during the fall 2007 semester.

15. Klein quickly developed a sexually and emotionally abusive relationship with Jane Doe. He used his position of authority as her high school golf coach to facilitate his sexual and emotional abuse, including requiring Jane Doe to spend additional time with him and having her work out from his home gym to be close to her.

16. Klein also leveraged his influence as the coach against Jane Doe. Klein manipulated Jane Doe into believing that she needed his guidance and that she could not make her own choices. He led her to believe that she would never golf in college without his "guidance," and that without his guidance, she would not amount to anything.

17. On information and belief, the School District arranged or contracted with the Country Club for Klein to hold Scottsbluff High School golf team practices at the Country Club.

18. In November 2007, while at the Country Club, Klein made physical sexual contact with Jane Doe for the first time. Jane Doe was fourteen years old.

19. Klein continued to abuse Jane Doe at the Country Club and elsewhere.

20. On information and belief, the School District also arranged or contracted with a local indoor golf and baseball facility called the Field of Dreams for Klein to hold Scottsbluff High School golf practices or workouts. Klein sexually abused Jane Doe during these practices and workouts on many occasions.

21. Klein continued to sexually abuse Jane Doe at least once per week. Klein digitally penetrated her, performed oral sex on her, and made her sexually stimulate him. He attempted to have intercourse with her on multiple occasions, but he relented because he did not have contraception.

22. Klein harassed Jane Doe at all hours of the day. He texted or called Jane Doe during school hours every day, sending her messages such as, "I want you right now." He frequently picked Jane Doe up over school lunch breaks to sexually abuse or harass her.

23. As the coach, Klein was uniquely positioned to control Jane Doe's social interactions at the school, rebuking her attempts to participate in normal social and school activities. For example, he discouraged her from attending Scottsbluff High School events like football games, dances, or musical stage productions.

## II. The Country Club's Failure to Protect Jane Doe from Sexual Abuse

24. The Country Club hired Jane Doe in spring 2008. At the time, Klein was employed as the Country Club's Golf Pro.

25. As he had done before, Klein sexually abused Jane Doe on the County Club's property. The sexual abuse and harassment became so regular that patrons began to complain to the Country Club about the relationship between Klein and Jane Doe. On information and belief, these complaints concerned the perceived sexual nature of the relationship between the coach and Jane Doe, a minor.

26. In addition to his authority over Jane Doe as her high school coach, Klein exerted direct control over her as an employee at the Country Club. This control included scheduling Jane Doe's work hours to ensure her presence at the Country Club while he was there and otherwise using his employment position to facilitate his continued sexual and emotional abuse.

27. On information and belief, the Country Club had knowledge of Klein's sexual relationship with Jane Doe in approximately June 2008.

28. Despite its awareness of the improper relationship that Klein had imposed on Jane Doe, the Country Club did not intervene or otherwise act to prevent Klein from sexually abusing

Jane Doe. Instead, it maintained Klein's employment as the Golf Pro and knowingly allowed Klein to remain on the premises while Jane Doe was present.

29. Klein continued to sexually abuse Jane Doe on the Country Club grounds for months after the Country Club knew or should reasonably have known the danger that Klein presented to Jane Doe.

30. The complaints continued to occur, and the Country Club eventually terminated Klein in fall 2008. On information and belief, this termination was due to the improper sexual relationship between Klein and Jane Doe.

### III. The Continued Sexual Abuse

31. Although Klein was no longer the Golf Pro at the Country Club, he continued to be the coach for the Scottsbluff High School girls' golf team, which included Jane Doe.

32. Klein controlled Jane Doe and trapped her in the abusive relationship. Klein threatened to stop coaching her if she ended the relationship, which he assured her would ruin her chances of receiving a scholarship to play golf at college.

33. Through his ongoing role as the coach and his ability to influence Jane Doe at such a young age, Klein frequently had Jane Doe stay overnight at his home.

34. Klein also controlled Jane Doe's employment opportunities. He allowed Jane Doe to work at the Hampton Inn in Scottsbluff during high school so that they could get room discounts when travelling to tournaments. He did not allow her to work elsewhere at this point in time.

35. Klein exploited his authority and control over Jane Doe to continue a regular pattern of weekly sexual abuse for approximately two and a half years.

36. In approximately April 2010, Klein's physical and emotional abuse led Jane Doe to contemplate suicide. She temporarily quit golf to distance herself from Klein. Although the sexual abuse ended at that time, Klein continued to harass and abuse Jane Doe throughout the remainder of her senior year and into college. Specifically, Klein continued to text Jane Doe regularly, even after she left Scottsbluff High School to attend college.

37. Jane Doe attended the University of North Florida—Jacksonville ("UNF") on a golf scholarship in fall 2011. While Jane Doe was at UNF, Klein called to ask whether she missed him; Jane Doe understood Klein's question as sexual in nature.

38. Jane Doe told her UNF golf coach about her history of sexual abuse. Her coach recommended that she seek treatment, but she refused to because doing so would require using her parents' insurance. She remained too ashamed and afraid to tell them of the abuse.

39. Jane Doe transferred to the University of Hawaii ("UH") for her sophomore year, where she attended on a golf scholarship. While at UH in fall 2012, Jane Doe's golf coach took her to a women's center to begin counseling. These services did not require Jane Doe to utilize insurance, allowing her to seek treatment without notifying her parents. She left UH after the fall 2012 semester and moved back to Nebraska to live with her parents and attend college online.

40. After Jane Doe moved back to Scottsbluff, Klein again called her to invite her to Field of Dreams to hit golf balls. He had sexually abused her there many times before. Jane Doe refused, and Klein finally stopped contacting her.

IV. **The Deliberate Indifference by the Scottsbluff School District**

41. On information and belief, the School District Athletic Director was aware that Klein had been terminated by the Country Club, along with the reasons for that termination.

42. The Athletic Director had supervisory control over Klein and was in a position to investigate the improper relationship between Klein and Jane Doe, take acts to eliminate the abuse, ensure adequate sexual abuse training, or terminate Klein.

43. On information and belief, parents of other students were aware that Klein was sexually abusing Jane Doe and reported it to administrators at the Scottsbluff High School or the School District.

44. On information and belief, a Nebraska State Trooper notified the School District Athletic Director about the improper relationship in 2010. On information and belief, the complaints concerned the perceived sexual nature of the relationship between the coach and Jane Doe, a minor. The Trooper's daughter also attended the school and became aware that Klein was involved in an inappropriate sexual relationship with Jane Doe.

45. In a news report, the School District Superintendent admitted that the School District was aware of the complaint of abuse by the State Trooper but was under the impression that the matter had been referred to the Scottsbluff Police Department.

46. Klein continued to abuse and harass Jane Doe after the School District had received the complaint from the State Trooper.

47. Despite the understood criminal nature of the complaint, the School District did not undertake any investigation of Klein's conduct or take any steps to protect Jane Doe from Klein.

48. On information and belief, the School District's Superintendent and Athletic Director were both aware of Klein's sexual relationship with Jane Doe. On information and belief, neither investigated to discern the exact nature of Klein's relationship with Jane Doe.

49. At no time did the School District or any employee of the School District contact Jane Doe to inquire about the abuse, determine the nature and extent of the abuse, or otherwise ensure her safety and well-being as a student under the care of the School District.

50. On information and belief, the State Trooper moved his daughter to another school when the School District failed to investigate or otherwise act on Klein's improper relationship with and abuse of Jane Doe.

51. In September 2016, the School District placed Klein on paid administrative leave because it had been notified of a pending police investigation based on a Facebook post made by Jane Doe.

52. Klein remained employed as the Scottsbluff High School girls' golf coach—and later the boys' coach also—until December 2016.

## V. The Severe Harm Inflicted On Jane Doe

53. Jane Doe was only fourteen years old when Klein began sexually abusing her; he continued to do so at least weekly for several years. That abuse caused Jane Doe foreseeable mental and emotional harm. She suffered severe depression, anxiety, guilt, fear, repression of memories, hopelessness, and other traumas.

54. The adverse mental and emotional effects became even stronger as Jane Doe grew into adulthood and began to contemplate what had happened. She became more depressed and had greater difficulty focusing on simple activities as time passed.

55. Jane Doe has suffered loss in educational and employment opportunities. Before experiencing the mental and emotional effects of long-term sexual abuse, Jane Doe showed great promise in earning potential: she had been a strong academic performer in high school while managing a busy schedule involving a 15 to 20 hour weekly work schedule and sports.

56. As a result of the adverse mental and emotional effects of the abuse, Jane Doe has experienced great difficulty completing a college degree, maintaining her lucrative golf scholarships, managing a weekly schedule, or maintaining gainful employment.

57. Jane Doe also suffered deficiencies in normal personal and social development as a result of the long-term sexual abuse. It caused Jane Doe to avoid interpersonal contact at school because she was ashamed and afraid of what others would say to her. She also suffered loss of reputation in her community as a result of the abuse.

58. In summer 2010, the mental anguish of repeated sexual abuse led Jane Doe to contemplate suicide. She was so ashamed of the sexual abuse that she was afraid to tell her parents, even after leaving home.

59. Jane Doe has regularly attended therapy since 2012 to combat the effects of Klein's abuse.

60. Jane Doe began using drugs in summer 2013 with the hopes of suppressing memories and emotions related to the prolonged sexual abuse during her formative years. She moved around the country several times over the next few months before returning to her parents' home in Scottsbluff in May 2014.

61. In January 2015, Jane Doe checked into an inpatient rehab center in Florida—which informed her after a 21-day stay that it was not equipped to provide the level of mental care Jane Doe required as a result of the long-term abuse she suffered. She soon began 60 days of in-patient rehabilitation in Utah, followed by several weeks of day-sessions.

62. Jane Doe continues to suffer from clinically-diagnosed severe depression and post-traumatic stress disorder.

## Plaintiff's Claims[2]

### Count I: Title IX Sex Discrimination
### 20 U.S.C. § 1681
### (Scottsbluff Public Schools)

63. Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

64. At all material times, the School District received federal funding as contemplated under Title IX, 20 U.S.C. § 1681.

65. At all material times, Klein was employed by the School District as the girls' golf coach at Scottsbluff High School. The School District exercised supervisory authority and control over Klein in the performance of his coaching duties, including his relationship with student's in the Scottsbluff High School athletic programs.

66. Jane Doe was a student at Scottsbluff High School from fall 2007 through spring 2011.

67. Klein sexually abused Jane Doe daily from November 2007 until summer 2010 and continued to harass and abuse her throughout her senior year. Klein called or texted Jane Doe, often telling her, "I want you right now." This harassment culminated in physical sexual abuse at least weekly.

68. Klein harassed Jane Doe on the School District property and during school hours hundreds of times over the course of her high school career.

69. Klein also sexually abused Jane Doe during school hours; he frequently took her home over the Scottsbluff High School lunch period, where he sexually assaulted her.

---

[2] Jane Doe has submitted a written notice of claim to the School District under the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-905. She reserves the right to join an appropriate claim under that Act against the School District pending resolution of her written demand.

70. Klein also abused Jane Doe many times at the Field of Dreams, where the School District had contracted or agreed for the Scottsbluff High School golf team to practice or workout.

71. Klein's actions created a discriminatory environment of sexual harassment and sexual hostility at Scottsbluff High School for Jane Doe from at least as early as November of her freshman year that lasted for the duration of her High School career.

72. On information and belief, School District officials with authority to act on the matter—including the School District Athletic Director and Superintendent—knew of Klein's harassment, and that it was culminating in repeated sexual abuses.

73. On information and belief, while Jane Doe was a member of the high school golf team, parents of Jane Doe's golf teammate complained to the School District Athletic Director regarding Klein's improper conduct against Jane Doe.

74. Any complaint or knowledge regarding sexual harassment by a Scottsbluff High School golf coach against a fourteen to seventeen year-old student that culminates in repeated sexual contact is very serious and warrants investigation.

75. On information and belief, the School District failed to undertake any meaningful investigation to determine the exact nature of Klein's sexual misconduct with Jane Doe—nor did the School District take other corrective action to stop Klein from sexually harassing or abusing Jane Doe repeatedly.

76. Jane Doe was unable to fully participate in school activities as a result of the ongoing pattern of sexual harassment and abuse. Further, she suffered severe emotional and mental harm as a result of the harassment and sexual abuse.

77. The School District was deliberately indifferent to egregious sexual harassment and abuse of which it had actual knowledge; as a result, Jane Doe's golf coach sexually abused her weekly from ages fourteen to seventeen.

78. The School District's deliberate indifference to a known act of sexual discrimination violated Title IX, 20 U.S.C. § 1681.

79. The School District's conduct and indifference directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

80. Jane Doe is entitled to compensatory and punitive damages, plus costs and attorney's fees associated with bringing this action.

### Count II: Deprivation of Civil Rights
### 42 U.S.C. § 1983
### (Scottsbluff Public Schools)

81. Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

82. Klein sexually abused Jane Doe at least weekly over a nearly three year period while he was employed by The School District as a golf coach and she was a student of the School District.

83. On information and belief, the School District Superintendent and Athletic Director received complaints of Klein's sexual abuse, but did not take any meaningful action to determine the nature of Klein's misconduct or to prevent him from sexually abusing Jane Doe.

84. The School District's failure to investigate or act upon its knowledge of Klein's misconduct resulted in a state-created danger that deprived Jane Doe of her Fourteenth Amendment liberty interests, resulting in repeated sexual battery by a School District employee.

85. The School District's conduct, indifference, and failure to act directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

86. Jane Doe is entitled to compensatory and punitive damages, plus the costs and attorney's fees associated with bringing this action.

## Count III: Sexual Battery
### (Klein)

87. Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

88. Klein had nonconsensual, physical sexual contact with Jane Doe at least weekly from November 2007 until in or about April 2010.

89. Jane Doe suffered Klein's sexual contact from age fourteen until she was seventeen years of age. At all material times, Klein knew that Jane Doe was a minor.

90. Klein's unconsented, offensive, and harmful sexual contact with Jane Doe is civil battery.

91. On information and belief, Klein sexually battered Jane Doe more than 125 times.

92. Klein's harmful sexual contact directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation

and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

93. Jane Doe is entitled to monetary damages plus the costs and attorney's fees associated with bringing this action.

### Count IV: Sexual Assault
### (Klein)

94. Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

95. Klein offered or attempted to engage in physical sexual contact—sometimes suggesting intercourse—with Jane Doe at least weekly from November 2007 until in or about April 2010 with the intent to engage in the offered sexual contact. Klein made several such offers or attempts after April 2010.

96. Klein's offers and attempts caused Jane Doe to suffer apprehension of offensive sexual contact from her fifty-something year-old golf coach.

97. At all material times, Klein knew that Jane Doe was a minor.

98. Klein's offers for and attempts at engaging in sexual contact with Jane Doe are civil assault.

99. Klein's sexual offers and attempts directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

100. Jane Doe is entitled to monetary damages plus the costs and attorney's fees associated with bringing this action.

## Count V: Intentional Infliction of Emotional Distress
### (Klein)

101.	Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

102.	Klein intentionally engaged in weekly sexual contact with Jane Doe from ages fourteen to seventeen. During that time, he also offered or attempted to engage in such sexual contact almost daily. He occasionally attempted to have intercourse with Jane Doe.

103.	At all relevant times, Klein was married, at least fifty years of age, and knew that Jane Doe was between fourteen and seventeen years of age.

104.	Klein maintained his power to sexually abuse Jane Doe by manipulating and controlling her; he convinced her that she needed his guidance and endorsement to succeed in life. He threatened to expose her or harm her future if she ceased or disclosed the relationship. He did these things to intentionally trap Jane Doe—who was at all times a minor—in a sexual relationship.

105.	Klein's conduct was extreme and outrageous.

106.	Klein's extreme and outrageous behavior toward Jane Doe directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

107.	Jane Doe is entitled to monetary damages plus the costs and attorney's fees associated with bringing this action.

## Count VI: Negligence
## (Scott's Bluff Country Club)

108. Jane Doe incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth in this paragraph.

109. The Country Club employed Klein as a Golf Pro from sometime before fall 2007 until fall 2008.

110. Klein sexually assaulted and battered Jane Doe on the Country Club's grounds during his work hours.

111. On information and belief, the Country Club became aware of Klein's sexually abusive relationship with Jane Doe in or about June 2008. The Country Club thus knew at least as early as that time that Klein presented an imminent danger of sexual battery to Jane Doe. The Country Club was aware that Klein had extensive knowledge of the Country Club's grounds and buildings, and could find remote places to be alone with Jane Doe. Klein's repeated sexual assaults and batteries on Jane Doe were foreseeable by the Country Club.

112. The Country Club failed to take any timely action to protect Jane Doe from Klein's sexual abuse. Nor did it contact Jane Doe to inquire about the abuse or ensure her safety and well-being. The Country Club did not take action until fall 2008, when it terminated Klein. By then, Jane Doe had already been repeatedly sexually assaulted and battered on the Country Club property.

113. In addition, because of Jane Doe's employment at the Country Club, Klein was able to exercise direct control over her as part of his duties to the Country Club. His acts as a superior to Jane Doe furthered his ability to sexually abuse Jane Doe. However, despite knowing of the sexual abuse, the Country Club failed to protect Jane Doe.

114. The Country Club's failure to protect Jane Doe from foreseeable harm of sexual assault and battery by one of its employees directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, harm to her character and standing in the community, loss of educational and employment opportunities, and past and future medical expenses.

115. Jane Doe is entitled to monetary damages plus costs the costs and attorney's fees associated with bringing this action.

## **Prayer for Relief**

Jane Doe respectfully requests that the Court:

116. Enter judgment against all Defendants and in favor of Jane Doe;

117. Award Jane Doe money damages to compensate her for the harm caused by Defendants,

118. Award Jane Doe punitive damages that are fair and reasonable yet will serve to deter Defendants from similar conduct in the future;

119. Award Jane Doe the costs and attorney's fees for this action; and

120. Award Jane Doe any other relief the Court deems just and proper.

## **Jury Trial Demand**

Jane Doe demands a jury trial on all issues so triable.

Date: November 22, 2017                     Respectfully Submitted,

*/s/ Kathleen A. Fisher*
Kathleen A. Fisher, MO #57737
Dane C. Martin, MO #63997
Andrew P. Alexander, MO #66980
GRAVES GARRETT LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel: (816) 256-3181
Fax: (816) 256-5958
kfisher@gravesgarrett.com
dmartin@gravesgarrett.com
aalexander@gravesgarrett.com

***Attorneys for Plaintiff Jane Doe***