IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SCOTTSBLUFF PUBLIC SCHOOLS DISTRICT NO. 32, | ) Case No. 4:17-cv-5010 |
| SCOTT'S BLUFF COUNTRY CLUB, and | ) |
| MICHAEL KLEIN, | ) |
| Defendants. | ) |

Before the Court is a discovery dispute between Plaintiff Jane Doe and Defendant Scottsbluff Public Schools District No. 32 (the "School District") regarding discovery of information subject to the Family Educational Rights and Privacy Act ("FERPA"). The Court held a telephonic hearing on Friday, July 13, 2018, regarding FERPA and other issues concerning discovery in the case.[1]

The School District has redacted information from its discovery responses and production on the basis of FERPA restrictions, including names and identifying information of students. The information that has been redacted includes potential witnesses and other discoverable information that may be relevant to Jane Doe's claims.

In litigation, the need to discover information subject to FERPA has led courts to invoke the Court-order exception to FERPA. *See*, *e.g.*, *Bigge v. Dist. Sch. Bd. of Citrus Cnty., Fla.,* No. 5:11-cv-210-Oc-10TBS, 2011 WL 6002927 (M.D. Fla. 2011); *Moeck v. Pleasant Valley Sch. Dist.,*

---

[1] On July 16, 2018, the Court issued a separate order (Filing No. 59) pertaining to other portions of the parties' discovery dispute. This Order pertains solely to the issues about FERPA.

No. 3:13-CV-1305, 2014 WL 4988274, at *3 (M.D. Pa. 2014); *Ellis v. Cleveland Mun. Sch. Dist.,* 309 F. Supp.2d 1019, 1022 (N.D. Ohio 2004). When determining whether to require disclosure of information subject to FERPA, courts conduct a "balancing test in which the privacy interests of the students are weighed against the genuine need of the party requesting the information." *Moeck,* 2014 WL 4988274, at *2. "While FERPA does not create a privilege, it does represent a strong public policy of protecting the privacy of student records. Courts balance the potential harm to the privacy interests of students with the importance and relevance of the sought information to resolving the claims before the court." *Id.*

Jane Doe seeks information related to reports, complaints, or other concerns known or raised to the School District regarding potential sexual harassment or abuse by employees of the School District, including by Defendant Michael Klein. Based on the arguments presented, Jane Doe is entitled to certain categories of information otherwise protected by FERPA.

Accordingly,

**IT IS ORDERED** that the School District may not redact or withhold information pertaining to:

(a)  individuals on the golf team(s) coached by Michael Klein from 2003 to the present, including their parents or guardians;

(b)  individuals who made or received a report or complaint about Klein, raised a concern about Klein, or otherwise made or received a statement in regard to Klein's behavior;

(c)  any victims of sexual harassment or abuse, or alleged sexual harassment or abuse, whether by Klein or other employees of the School District.

The scope of this order extends to the School District's production of documents, its responses to written discovery, and in any depositions or other forms of testimony sought by Plaintiff. At this

time, the Court is not deciding the merits of which types of information are subject to the terms of FERPA.

Dated: August 8, 2018.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge