IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | **4:17CV5010** |
| vs. | |
| SCOTTSBLUFF PUBLIC SCHOOLS DISTRICT NO. 32,  SCOTT'S BLUFF COUNTRY CLUB, and MICHAEL KLEIN, | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint.  (Filing No. 60.)  The motion will be granted.

## DISCUSSION

Plaintiff seeks to amend her First Amended Complaint ("Complaint") to add a negligence claim against Scottsbluff Public School District No. 32 ("School District") under the Nebraska Political Subdivisions Tort Claims Act ("PSTCA") for the School District's alleged failure to protect her from acts of sexual abuse.   Plaintiff also seeks to make other amendments to her Complaint to reflect new facts and clarify allegations.  The Initial Progression Order required that all motions to amend pleadings be filed on or before July 20, 2018.  (Filing No. 32.)  Thus, this motion was timely filed.

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15.  Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).  Also, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule."  *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir.

2008).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  *Id*.

The School District argues that amendment would be futile because Plaintiff's proposed negligence claim is untimely under the PSTCA.  The PSTCA provides:

> Every claim against a political subdivision permitted under the [PSTCA] shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body.  Except as otherwise provided in this section, all suits . . . shall be forever barred unless begun within two years after such claim accrued.[1]

Neb. Rev. Stat. § 13-919(1).  Nebraska law provides the following with respect to time requirements for notice under the PSTCA:

> [I]f a person entitled to bring any action mentioned in Chapter 25, the [PSTCA] . . . except for a penalty or forfeiture, for the recovery of the title or possession of lands, tenements, or hereditaments, or for the foreclosure of mortgages thereon, is, at the time the cause of action accrued, within the age of twenty years . . . , every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed.  For the recovery of the title or possession of lands, tenements, or hereditaments or for the foreclosure of mortgages thereon, every such person shall be entitled to bring such action within twenty years from the accrual thereof but in no case longer than ten years after the termination of such disability.  Absence from the state, death, or other disability shall not operate to extend the period within which actions in rem are to be commenced by and against a nonresident or his or her representative.

Neb. Rev. Stat. § 25-213.  The School District states that PSTCA timing requirements are tolled until a person turns twenty-one years old and argues that Plaintiff did not submit written notice of her claim until November 22, 2017, approximately two years after the PTSCA deadline.

Plaintiff argues, however, that her claim is timely because the limitations period was extended by Neb. Rev. Stat. § 25-228. Plaintiff asserts that § 25-228 provides a special statute of limitations for victims of sexual abuse or assault for claims arising under the PSTCA.  This section

---

[1] A claim generally "accrues" at the time of injury.  *See Ward v. Alliance*, 227 Neb. 306, 309, 417 N.W.2d 327, 330 (1988).

generally states that notwithstanding any other provision of law, a suit against any entity other than the individual directly perpetrating a sexual assault, may be brought within twelve years after the plaintiff's twenty-first birthday. Neb. Rev. Stat. §25-228.

Having considered the matter, the Court will allow Plaintiff to file a second amended complaint. The parties' dispute focuses on which statute of limitations is applicable to Plaintiff's claims. It is not readily apparent that amendment would be futile or that the amendment asserts clearly frivolous claims. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous"); *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should only be dismissed on the merits if it asserts clearly frivolous claims or defenses); *American Aerial Services, Inc v. Terex USA, LLC*, No. 2:12-CV-00361, 2013 WL 1898541, *1 (D. Me. May 7, 2013) ("[A] motion to amend is not a proper vehicle for this Court to resolve an open question of state law"). The question of the applicable limitations period should not be decided through a motion to amend.[2]

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 60) is granted. Plaintiff shall file her amended pleading by September 20, 2018.

Dated this 18th day of September, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[2] In its sur-reply brief (Filing No. 78), the School District argues that Plaintiff's proposed negligence claim arises from Michael Klein's alleged assault, and therefore is precluded by Neb. Rev. Stat. § 13-910(7), which exempts political subdivisions from suits based on claims arising out of assault. In response, Plaintiff asserts that her proposed negligence claim is based on the School District's alleged breach of its duty to protect Plaintiff from foreseeable harm. As stated above, a motion to amend should only be denied on the merits if it asserts clearly frivolous claims or defenses. The undersigned is unable to conclude that Plaintiff's proposed claim is clearly frivolous.