IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JANE DOE, | |
|---|---|
| Plaintiff, | 4:17-CV-5010 |
| vs. | |
| SCOTTSBLUFF PUBLIC SCHOOLS DISTRICT NO. 32, et al., | ORDER AND CERTIFIED QUESTION |
| Defendants. | |

The plaintiff, "Jane Doe," contends that she was injured by the negligence of the Scottsbluff Public Schools, District No. 32. The School District argues that her negligence claim is time-barred, but its argument depends on a question of Nebraska statutory interpretation that the Court will certify to the Nebraska Supreme Court pursuant to Neb. Rev. Stat. § 24-219 *et seq*.

STATEMENT OF FACTS

From 2007-2011, Doe was a student and competitive golfer at Scottsbluff Senior High School. Filing 86 at 3. In the fall of her freshman year, Doe's high school golf coach, Michael Klein, began sexually abusing her. Filing 86 at 13. Doe alleges that she was sexually assaulted beginning in November 2007, when she was 14 years old and Klein was over 25 years old. *See* Neb. Rev. Stat. § 28-319.01(1)(b).[1]

---

[1] Klein pled no contest to first-degree sexual assault against Jane Doe and another minor child and is currently serving a 24 to 32 year sentence. Filing 23 at 2; *see State v. Klein*, No. A-17-1292, 2018 WL 5607986 (Neb. Ct. App. Oct. 30, 2018).

Klein's abuse of Doe allegedly continued on a weekly basis for the next three years. Filing 86 at 13. In particular, Doe alleges that Klein used his position as Doe's coach to perpetuate his abuse—abusing Doe at practice facilities, on school grounds, and on school-sanctioned golf trips. Filing 86 at 15-16. So, Doe alleges, the abuse resulted in part from the negligence of the School District. Filing 86 at 22.

The School District moved to dismiss Doe's negligence claim. In part, the School District contends that Doe's claim is time-barred because Doe did not provide written notice of a tort claim to the School District, or commence her lawsuit, until November 22, 2017—more than 2 years after her 21st birthday. Filing 92 at 2-9. Accordingly, the School District concludes that Doe's negligence claim is time-barred under the Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901 *et seq*. (PSTCA).[2]

## NATURE OF CONTROVERSY

The School District is a political subdivision of the State of Nebraska, and "[e]very claim against a political subdivision permitted under the [PSTCA] shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body." § 13-919(1). Further, if a claim is made and then disposed of or withdrawn, the claimant must file suit within 6 months. *Id*.; *see also* §§ 13-919(2) and (3). That statute of limitations is tolled by the minority of the claimant. *See* § 13-919(5); Neb. Rev. Stat. § 25-213. But it is expressly exclusive: by its terms, § 13-919 and § 25-213 "shall be the only statutes of limitations applicable to tort claims" as defined in the PSTCA. § 13-919(5).

---

[2] The School District also argued that Doe's claim was barred by the intentional torts exception to the PSTCA. Filing 92 at 9-12. The Court rejected that argument. Filing 110.

Conversely, Doe relies on Neb. Rev. Stat. § 25-228, which provides in relevant part that

> [n]otwithstanding *any other provision of law* . . . an action against any person or entity other than the individual directly causing an injury or injuries suffered by a plaintiff when the plaintiff was a victim of a violation of section 28-319.01 or 28-320.01 may only be brought within twelve years after the plaintiff's twenty-first birthday.

§ 25-228(1)(b) (emphasis added). So, under § 25-228, the statute of limitations for a civil claim based on injuries that occurred when the plaintiff was a victim of § 28-319.01(1)(b) is 12 years following the plaintiff's 21st birthday.

Both § 13-919 and § 25-228 purport to be exclusive: § 13-919(5) expressly provides that it (and the relevant tolling provision) are "the only statutes of limitations" applicable to tort claims under the [PSTCA], but § 25-228(1) purports to provide the statute of limitations for claims arising out of sexual assault of a child "[n]otwithstanding any other provision of law."

In other words, the School District's argument that Doe's negligence claim is time-barred under the PSTCA involves reconciling two statutory provisions that appear to be in direct conflict. The Court finds no controlling precedent in the decisions of the Nebraska Supreme Court. *See* § 24-219. So, to resolve the conflict, the Court will certify the question presented to the Nebraska Supreme Court pursuant to § 24-219.[3]

---

[3] Doe also presented another theory that, it says, deserves a certified question: she contends that because § 25-213 permits an action "within the respective times limited by Chapter 25" after a disability is removed, her claim might be subject to a 4-year statute of limitations for

3

# CERTIFIED QUESTION

May a plaintiff's state-law tort claim against a political subdivision for injuries suffered when she was a victim of a violation of Neb. Rev. Stat. § 28-319.01 be "brought within twelve years after the plaintiff's twenty-first birthday" pursuant to Neb. Rev. Stat. § 25-228(b), or must such claim be brought "within one year" or "begun within two years" of her twenty-first birthday pursuant to Neb. Rev. Stat. §§ 13-919 and 25-213?

IT IS ORDERED:

1. The preceding question is certified to the Nebraska Supreme Court pursuant to § 24-219.

2. The Clerk of the Court shall forward a copy of this order to the Nebraska Supreme Court under the Court's official seal, along with seven additional certified copies of this order and a certified copy of the Court's docket sheet.

---

negligence claims under Neb. Rev. Stat. § 25-207. *See* filing 114 at 1. The Court declines to certify a question premised on that theory, because the Nebraska Supreme Court has repeatedly rejected such arguments. *See Maycock v. Hoody*, 799 N.W.2d 322, 327-28 (Neb. 2011); *Carruth v. State*, 712 N.W.2d 575, 580 (Neb. 2006); *Christianson By & Through Christianson v. Educ. Serv. Unit No. 16*, 501 N.W.2d 281, 292 (Neb. 1993) (Shanahan, J., concurring). And in any event, even if § 25-213 provided a "pass-through" to Chapter 25's statutes of limitation, the relevant target would be § 25-228, not § 25-207.

3. The parties shall pay the $126 in appellate filing fees forthwith, evenly divided between them, to the Clerk of the Nebraska Supreme Court and Court of Appeals.

4. The Clerk of the Court shall, upon request, provide the Nebraska Supreme Court with any portion of the record requested by that court pursuant to § 24-222.

5. The Clerk of the Court shall set a case management deadline for April 8, 2019, with the following docket text: Check for acceptance of certified question.

Dated this 7th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge